UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV341-RJC

| | |
|---|---|
| LOY ALEXANDER WRIGHT,      )<br>)<br>    Petitioner,      )<br>)<br>    v.      )<br>)<br>NORTH CAROLINA DEPARTMENT      )<br>OF CORRECTION,      )<br>)<br>    Respondent.      )<br>_____)  |  **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed July 15, 2011 (Doc. No. 1); Respondent's Motion for Summary Judgment and memorandum in support filed August 9, 2011 (Docs. No. 4 and 5); and Petitioner's response filed September 15, 2011 (Doc. No. 8).

In its brief supporting its summary judgment motion, the State contends that Petitioner has failed to name the proper party as Respondent. (Doc. No. 5 at 16). The State is correct. See 28 U.S.C. § 2242. The proper respondent to a habeas petition is the person who has custody over the petitioner. Id.; see also Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Petitioner has named the North Carolina Department of Correction as the Respondent in this action. However, the North Carolina Department of Correction does not have custody, physical or legal, over Petitioner.[1] The State argues that Petitioner's failure to name the proper respondent

---

[1] Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden or the chief state penal officer as a respondent. Rules Governing § 2254 Proceedings, Rule 2(a), 28 U.S.C.A. foll. § 2254; Advisory Committee's Note on Rule 2(a) (adopted 1976).

1

deprives this Court of jurisdiction.

Courts are split with respect to whether failure to name the proper respondent deprives a federal court of jurisdiction.  Compare West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (1975) (holding that "failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."); McMaster v. City of Troy, 911 F.2d 733, at *3 (6th Cir. 1990) (unpublished table decision); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (proper remedy for failure to name, as respondent, Attorney General of state in which judgment is attacked, as required by Rule 2(b) of the Rules Governing § 2254 cases, is not dismissal but return of petition for amendment pursuant to Rule 2(e)), with Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir. 1994) (remanding habeas to district court with instructions to dismiss for lack of jurisdiction unless petitioner could timely amend his petition to name the correct party as respondent).  The Fourth Circuit has yet to weigh in on this issue, but other district courts in this circuit have held that the petitioner should be permitted to amend his petition to name the proper party.  See, e.g., Boggs v. Pierce, 1:99cv379, 2000 WL 33737318, at *2 (M.D.N.C. Aug. 2, 2000).

This Court has jurisdiction to allow an amendment naming the proper respondent.  Therefore, the Court directs Petitioner to file a motion to amend his petition naming Alvin Keller, Secretary of the Department of Correction, as the proper respondent in this action.  Petitioner shall file a motion to amend within twenty (20) days of the date of this order.  Failure to file such an amendment may result in the dismissal of this action.

**IT IS, THEREFORE, ORDERED** that within twenty (20) days of the date of this Order, Petitioner shall file a motion to amend his petition naming Alvin Keller, Secretary of the Department of Correction, as the proper respondent in this action.  Petitioner's motion to amend

may only include an amendment to name the proper respondent.  **Failure to file such an amendment with twenty (20) days may result in the dismissal of this action.**

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge