UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-341-RJC

| | |
|---|---|
| LOY ALEXANDER WRIGHT, ) ) Petitioner, ) ) v. ) ) ALVIN KELLER, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed July 15, 2011 (Doc. No. 1); Respondent's Motion for Summary Judgment and memorandum in support filed August 9, 2011 (Docs. No. 4 and 5); Petitioner's response filed September 15, 2011 (Doc. No. 8); Petitioner's Motion to Amend, filed November 9, 2011 (Doc. No. 13);[1] and Petitioner's Motion to Amend, dated October 30, 2011 and filed on November 2, 2011. (Doc. No. 14).

I.   PROCEDURAL HISTORY

On July 28, 2009, Petitioner was convicted after trial by jury of selling cocaine, and possession with intent to sell or deliver cocaine. Petitioner pled guilty to habitual felon status and was sentenced to 151-191 months' imprisonment. On July 20, 2010, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Wright, No. COA09-

---

[1] In response to this Court's October 7, 2011 Order, (Doc. No. 12) Petitioner seeks permission to amend the caption of this case to reflect Alvin Keller as the proper respondent. (Doc. No. 13). Petitioner's motion to amend is dismissed as moot as the Court granted Petitioner's previous motion to amend the caption to reflect Alvin Keller as the proper respondent. (Doc. No. 11).

1

1674, 2010 WL 2816705 (N.C. Ct. App. July 20, 2010). An error was discovered in Petitioner's prior record level and he was re-sentenced on March 25, 2011 to 125-159 months' imprisonment. (Doc. No. 5, Ex. 3). Petitioner did not seek direct review of his resentencing. Instead, on April 14, 2011, Petitioner filed a Motion for Appropriate Relief ("MAR"). (Doc. No. 1-1 at 1). The MAR court summarily denied Petitioner's MAR on June 3, 2011. (Doc. No. 1 at 17). Petitioner dated an amendment to the MAR June 16, 2011 and filed it in the Superior Court of Mecklenburg County. (Doc. No. 1 at 18). On June 17, 2011, Petitioner filed a certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5, Ex. 4). Certiorari was denied on July 6, 2011. (Doc. 5, Ex. No. 6). On July 7, 2011, Petitioner filed an amendment replying to the state's response. (Doc. No. 5, Ex. 7). The amended certiorari petition was denied on July 15, 2011. (Doc. No. 5, Ex. 9).

On July 15, 2011, Petitioner submitted a Petition under 28 U.S.C. § 2254 alleging that (1) he received ineffective assistance of trial and appellate counsel; (2) he was subjected to vindictive prosecution in violation of equal protection and due process, when indicted as a habitual felon; (3) he was subjected to selective prosecution; and (4) each essential element was not shown at trial nor brought back up on appeal. (Doc. No. 1). The State has filed a Motion for Summary Judgment and Petitioner has responded.

However, on October 30, 2011, Petitioner filed a Motion entitled "Motion for Consideration for (2) two legislature sentencing changes first change 2009 second change is for December 1, 2011 the Justice Reinvestment Act." (Doc. No. 14). The Court construes Petitioner's motion as a timely filed motion to amend his habeas petition to add a claim

challenging his sentence.[2] In his motion, Petitioner argues that because the legislature has modified the sentencing structure for habitual felon status since he was first sentenced in 2008, his sentence violates the Eighth and Fourteenth Amendments. (Id. at 3). Petitioner asks that this Court vacate his sentence and send his case back to the state court for resentencing. Petitioner's claim contained in his Motion to Amend has not been litigated in the State courts either on direct appeal or during the collateral review process and is, therefore, unexhausted. Petitioner's petition is considered to be a "mixed petition," that is, a petition containing both exhausted and unexhausted claims.

## II.     DISCUSSION

Prior to 2005, district courts were required to dismiss such mixed petitions, without prejudice to the petitioners' rights to re-file them after exhausting all of their clams. Rose v. Lundy, 455 U.S. 509 (1982). However, the Supreme Court clarified that requirement in Rhines v. Weber, 544 U.S. 269 (2005). Rhines explained that because of the complexities added by the one-year limitations period imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Lundy's dismissal requirement put petitioners with mixed petitions in peril of losing their opportunity for federal review if after fully exhausting their claims, the petitioners returned to federal court beyond the limitations period. Id. at 275. Thus, under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. Id. Under the Rhines "stay-and-abeyance" procedure, district courts, under limited circumstances, may stay a mixed petition and hold it in

---

[2] Under Federal Rule of Civil Procedure 15, where as here, a responsive pleading has already been filed, a pleading may be amended "only with the opposing party's written consent or the court's leave[,]" which should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2); see Forman v. Davis, 371 U.S. 178, 182 (1962).

abeyance while the petitioner returns to state court and exhausts his unexhausted claims. Id.

However, Rhines did not give courts unfettered discretion to stay such cases. Id. at 277-78. Because the express purpose of AEDPA is "to reduce delays in the execution of state and federal criminal sentences," the Rhines "stay-and-abeyance" procedure must be used sparingly so as not to undermine AEDPA's finality purpose, or to excuse a petitioner's failure to exhaust his claims before seeking federal review in the first place. Id. at 276-77. Thus, the procedure "is only appropriate" when there is good cause for the failure to exhaust, the unexhausted claims are not plainly meritless, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 277-78. This last element, however, likely only covers second or successive applications for stays. See Larry v. Polk, 412 F. Supp. 2d 542, 546 (M.D.N.C. 2005).

Applying the above law, the Court notes that there is no indication that Petitioner was precluded from exhausting all of his claims and Petitioner offers no excuse for his failure to exhaust the claims contained in his Motion to Amend. Therefore, the Court concludes, particularly in light of the fact that Petitioner did file a direct appeal following his initial sentencing and then pursued full collateral review of some of the claims contained in the instant Petition, that there was no good cause for Petitioner's failure to exhaust all of his claims. The Court is unable to determine whether Petitioner's unexhausted claims are plainly meritless based on his curt pleading.

The Court is mindful that the "stay-and-abeyance" procedure is to be used sparingly. Further, Petitioner has time remaining in his one-year limitations period. Therefore, the Court will dismiss the petition without prejudice. Assuming Petitioner returns to the Superior Court in Mecklenburg County with a properly filed motion for appropriate relief before the end of his

4

limitations period, his one-year limitations clock will stop running while he pursues state collateral review. At the conclusion of that collateral review, Petitioner's clock would resume running.

Because the Court dismisses this Petition without prejudice, Petitioner may pursue his new claims in North Carolina's courts and, if necessary, in this Court thereafter. However, to the extent that Petitioner would like to abandon his unexhausted claims, and have the Court rule on his exhausted claims now, he may file an appropriate post-judgment motion stating his desire to abandon his unexhausted claims.

### III. CONCLUSION

The Court **GRANTS** Petitioner's Motion to Amend, which adds unexhausted claims. But because Petitioner's Petition now contains both exhausted and unexhausted claims, the Court **DISMISSES** the Petition without prejudice.

### IV. ORDER

**NOW, THEREFORE, IT IS ORDERED** that:

1. Petitioner's Motion to Amend to name Alvin Keller as the proper respondent, (Doc. No. 13), is **DISMISSED** as moot as the Court previously granted such motion;

2. Petitioner's Motion to Amend to include additional claims, (Doc. No. 14), is **GRANTED**;

3. Petitioner's Petition is **DISMISSED** without prejudice. Petitioner is placed on notice that the clock on his limitations period is running;

4. In the event Petitioner would rather abandon his unexhausted claims, he may inform the Court of that desire through a motion for relief from judgment in

accordance with the Federal Rule of Civil Procedure 60(b);

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that his petition states a debatable claim of the denial of a constitutional right).

6. The Clerk shall send a copy of this Order to Petitioner by certified mail return receipt requested.

Signed: November 18, 2011

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge