# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:11-cv-341-RJC

| | | |
|---|---|---|
| LOY ALEXANDER WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALVIN KELLER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's "Post-Judgment Motion to Abandon Unexhausted Claims and Relief from Judgment According to Federal Rule of Civil Procedure 60(b)."  (Doc. No. 20).  On November 18, 2011, the Court dismissed Petitioner's habeas petition because it contained both exhausted and unexhausted claims.  (Doc. No. 15); see also Rose v. Lundy, 455 U.S. 509 (1982) (requiring dismissal of such petitions to allow petitioner to exhaust claims in state court).  But see Rhines v. Weber, 544 U.S. 269 (2005) (allowing court to retain case and stay while petitioner exhausts state claims in rare circumstances).  In doing so, however, the Court stated that "[i]n the event Petitioner would rather abandon his unexhausted claims, he may inform the Court of that desire through a motion for relief from judgment in accordance with the Federal Rule of Civil Procedure 60(b)."  Petitioner has accepted this offer. (Doc. No. 20).  He asks to reopen his case and pursue only his exhausted claims.  (Id.).  The Court **GRANTS** Petitioner's motion.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion, (Doc. No. 20), is **GRANTED**, his case shall be reopened, and his unexhausted claims, see (Doc. Nos. 14; 15 at 3), are **DISMISSED**.

Signed: December 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

2